**In the Matter of Donald E. GIBSON.**

No. 281S39.

Supreme Court of Indiana.

Feb. 17, 1981.

---

ORDER APPROVING CONDITIONAL AGREEMENT IMPOSING A 30–DAY SUSPENSION

The Disciplinary Commission of the Indiana Supreme Court and the Respondent, Donald E. Gibson, have tendered to this Court a "Statement of Circumstances and Conditional Agreement For Discipline", which agreement more fully appears in words and figures as follows, to-wit:

(H. I.)

This Court, being duly advised, now finds that Donald E. Gibson was admitted to the Bar of the State of Indiana on May 19, 1971. We find further that Respondent failed to file his federal income tax returns for 1974, 1975, 1976 and 1977. On November 26, 1980, he was convicted in the United States District Court, Southern District of Indiana, Indianapolis Division, for failure to file his 1976 federal income tax return. These facts establish that Respondent engaged in illegal conduct involving moral turpitude, conduct that is prejudicial to the administration of justice and conduct that adversely reflects on his fitness to practice law, thereby violating Disciplinary Rule 1-102(A)(3), (5) and (6) of the Code of Professional Responsibility. We find that the agreed discipline in this case, a suspension from the practice of law in the State of Indiana for thirty (30) days with automatic reinstatement after such period and subject to the provisions of Admission and Discipline Rule 23, Section 4(b), is appropriate discipline in light of the circumstances of this case. We find further that Respondent has complied with the requirements of Admission and Discipline Rule 23, Section 17(a), by delivering to this Court the necessary affidavit.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Conditional Agreement for Discipline tendered in this cause is now accepted and approved. In accordance with such agreement, the Respondent, Donald E. Gibson, is suspended from the practice of law beginning March 16, 1981, for a period of thirty (30) days.

IT IS FURTHER ORDERED that the Clerk of this Court shall forward a copy of this Order to the parties in this action and to their attorneys of record.

Costs of this proceeding are assessed against Respondent.

All Justices concur.